## B. V. CUMMINS vs. S. F. ROBINSON, *et al.*

1. FEES—*Referee, No Authority to Require Deposit for*—Under the statutes of 1890, the court has no authority to order the parties to a cause to deposit in court the amount of the referee's costs before the referee reports to the court who is the prevailing party; nor has it authority to require payment of referee's costs or any part of them by any other than such prevailing party.

2. SAME—Stenographer's costs, as such, are not part of the costs provided for in a trial by referee under the statutes of Oklahoma. They

are to be considered, if at all, as a part of such compensation as the court shall direct to be paid to the referee.

*Error from the District Court of Kingfisher County.*

## STATEMENT OF THE CASE.

This action was commenced in the district court of Kingfisher county, by B. V. Cummins against Robinson and Gibson, a co-partnership under the firm name of the Commercial bank. The plaintiff below alleged that he had executed and delivered to the Commercial bank his promissory note in the sum of $500, and to secure the payment of the same Cummins executed and delivered to the bank a chattel mortgage on certain of his personal property, of the aggregate value of $1,789.10; that by private and public sale the bank had disposed of the chattels for an amount unknown to plaintiff, but which amount he alleged was greatly in excess of the amount of his note, interest and all reasonable costs and charges in connection with the sale and disposition of said property, and prayed that the defendant bank be required to render an accounting of such sales, and that he might recover judgment for the amount found due, and for the cancellation of the note and mortgage.

The defendants answered, admitting the execution of the note and mortgage, but alleged that the chattels mentioned in the mortgage were claimed by the Peru Plow and Wheel company, and that at the request of Cummins the mortgaged chattels were disposed of to satisfy the note; that the expenses of keeping and selling the chattels, together with the amount due on the note, was $756.35; that the proceeds arising from the sale of the chattels was $699.65, and prayed judgment for the difference. In the second count defendants asked affirmative relief in the sum of $320. This was in the nature of a counter-claim for money laid

out and expended in defending the title and posses-
sion of the chattels mortgaged, which under a verbal
contract, Cummins had agreed to pay.

Upon the hearing the court appointed a referee to
make findings of fact and conclusions of law,
which were made, and upon the exceptions to such
conclusions, a second reference was made and the
time extended in which the referee was required to
make his report to October 24, 1893. Upon the 24th
of October, 1893, the court ordered that each of the
parties deposit with the clerk the sum of $89.35 as the
costs of the referee and stenographer, by the next
morning by nine o'clock, which order the court made
prior to the time the referee made his findings of fact.
This order was not complied with, and thereupon the
court dismissed the action, and ordered each party to
pay one-half the costs of the entire case.

The case is brought here to reverse the order of the
trial court in dismissing appellant's counter-claim,
and also the order taxing one half the costs of the ac-
tion to the plaintiff in error.

*Thaddeus G. Cutlip*, for plaintiff in error.

The opinion of the court was delivered by

McATEE, J.: It is assigned as error that the court
required the plaintiff in error to deposit the amount
of the referee's and stenographer's costs in said case,
before the referee's report was filed, and before his
bill of costs was filed in said cause; and that upon the
failure of plaintiff in error to deposit in court the said
referee's and stenographer's costs and fees as required
by said order, the court dismissed the case; and
that there was error in not requiring the referee to
show who was the prevailing party, and in not then
requiring said prevailing party to deposit the amount
of said fees and costs, and that there was error in the

court assessing one-half of the whole costs to the plaintiff in error.

It was, upon October 24, 1893, ordered by the court, that "each of the parties hereto deposit the amount of the referee's and stenographer's costs herein, to-wit: the sum of $89.35, by to-morrow morning at 9 o'clock;" and upon the following morning, October 25, 1893, at 9 o'clock, both parties to the action being in default of the order theretofore made on October 24, 1893, requiring each of them to deposit with the clerk the referee's and stenographer's fees, the court ordered that the cause be dismissed, and that each party, plaintiff and defendant, pay half the costs of the suit, to which order plaintiff and defendant excepted.

This suit was brought under the code of civil procedure, adopted in 1890, and is governed by its provisions. It is provided in § 4, art. 21. upon trials by referees, p. 845, of the Statutes of Oklahoma, 1890; that

"The referee or referees shall each receive such compensation as the court shall direct, to be paid by the prevailing party before the report is filed and recorded, as costs in the action."

Article 21 contained, at the time of the bringing of this suit, the only provision by which the court was authorized to appoint, and trial might be had, by the referee. It also contained the only provision by which the referee might be paid. That provision was that the referee's "compensation should be paid by the prevailing party before the report is filed." But how should it be known who was the prevailing party? The referee was the only person who had that knowledge. It was therefore his duty to make known who the prevailing party was before demanding his compensation. The parties to the cause had the same right to demand that he make known who the prevailing party was before he had any right to receive compensation, as the referee himself had to require

32

Cummins vs. Robinson.

payment before filing his report. No power was given to the court in the statute to compel an advance or deposit of costs to be made by either party to the action until the referee had announced whom he found to be the prevailing party. The court could go no farther than the authority expressly given to it by the statute, and no such authority can be found there. There is no right or remedy by which to recover costs except such as are provided by statute and in accordance therewith.

Now, is there any provision in the statute for the payment of a stenographer? The provision is solely for compensation to the referee. If the referee has found it necessary, more economical, or indispensible to engage the services of a stenographer, as is presumable, it would be a matter in the discretion of the court to consider that fact in ordering compensation to be made to the referee.

The order of the district court dismissing the case is reversed, and it is ordered that the counter-claim of plaintiff in error be reinstated upon the docket of the district court, and the order dismissing the cause and allowing the referee to file his bill of costs be held for naught, and the referee be required to show who was the prevailing party, and in case of his refusal so to do, that the district court be directed to try the case *ab initio*.

By the court: It is so ordered.

Burford, J., having presided in the court below, not sitting; all the other Justices concurring.